**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
jml@jmllaw.com
CATHRYN G. FUND, STATE BAR NO. 293766
cathryn@jmllaw.com

**Attorneys for Plaintiff**
ROBERT MCCARD

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT MCCARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CIRCOR INTERNATIONAL, INC., a Delaware corporation; DELTAVALVE, LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00147-TLN-AC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA LABOR CODE § 970**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ROBERT MCCARD, hereby brings his amended complaint against the above-named Defendants and states and alleges as follows:

///

///

///

///

1
**FIRST AMENDED COMPLAINT**

**PRELIMINARY ALLEGATIONS**

1. ROBERT MCCARD is a resident of the County of El Dorado, State of California.

2. At all times mentioned herein, Defendant CIRCOR INTERNATIONAL, INC. was a Delaware corporation. At the time the causes of action arose, Defendant was Plaintiff's employer.

3. At all times mentioned herein, Defendant DELTAVALVE, LLC was a Delaware limited liability company, licensed to do business under the laws of the state of California. At the time the causes of action arose, Defendant was Plaintiff's employer.

4. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortuously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

5. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

6. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

**ALLEGATIONS**

7. Defendants hired Plaintiff to work as a Senior Principle Project Manager on or about November 5, 2018. Defendants terminated Plaintiff's employment on or about May 17, 2019.

8. On or about September 24, 2018, Plaintiff applied for a position with Defendants, which Defendants posted on an internet-based job website accessible to California residents.

9. At the time, Plaintiff was employed with a different California-based company, which Defendants were aware of.

10. Thereafter, Plaintiff had four separate interviews with Defendants, all while he was located and residing in California.

11. When interviewing with Defendants, Plaintiff was persuaded to move from his home in Cool, California to Salt Lake City, Utah, where his office would be located, on the false representation that he would be offered long-term employment. For example, Plaintiff spoke with Kathy Olson and Ruben Lah, who described his position as a full-time offer of employment with permanent relocation from his home in California to Utah. Olson and Lah also told Plaintiff that they wanted him to move into a director's position with Defendants to develop a construction group, because Defendants did not have the talent in-house to develop the group.

12. Additionally, Lah asked Plaintiff how old he was, how long he expected to work for, and when Plaintiff responded another 10-13 years to age 72, Lah responded that he wanted him to work for Defendants until he retired. Lah also coordinated with Plaintiff to meet with a realtor to purchase property in Utah.

13. Throughout the interviews, Plaintiff also informed Defendants that his wife suffered from multiple sclerosis that required frequent medical appointments and travel to California, to which Plaintiff was told it would not be a problem and he could travel with her as needed.

14. Although at the time Plaintiff was offered a position with another company for more money per year and was in the final rounds of interviews with California-based companies, because of Defendants' representations, Plaintiff informed Defendants that he would accept their offer.

15. Defendants knowingly made the above false representations regarding the kind, character, or existence of such work and the length of time such work would last to Plaintiff while he lived in California for the purpose of inducing him to move to Utah. At the time when these false representations were made to Plaintiff, Defendants knew that their representations to Plaintiff were not true, and Defendants intended that Plaintiff rely on their false representations.

16. Plaintiff was then provided an offer letter for the position of Senior Principle Project Manager, Installation Services for Defendant DELTAVALVE, LLC on Defendant CIRCOR INTERNATIONAL, INC. letterhead, which provided that Defendant CIRCOR INTERNATIONAL, INC. policies applied to his employment. This offer letter was sent to Plaintiff's residence in California.

17. As part of his employment, Plaintiff received benefits through Defendants' Relocation Program which provided that to be eligible for the relocation package, certain criteria must be met, including "The transfer must be CIRCOR-initiated." As a result of Defendant CIRCOR INTERNATIONAL, INC. transferring Plaintiff from California to Utah and the "CIRCOR-initiated" transfer, Plaintiff received relocation benefits including, but not limited to, temporary living expenses and an offer to pay his closing costs, should he decide to sell his home in California. However, if Plaintiff left his employment with Defendants before two years, he would be required to pay back certain benefits.

18. Following his acceptance of the position and move to Utah, Plaintiff performed his job duties in an efficient, competent and successful manner.

19. Plaintiff thereafter received a W-2 for 2018 from Defendant DELTAVALVE, LLC.

20. On or around May 17, 2019, Plaintiff was informed that his employment was being terminated "due to lack of progress on previously discussed ongoing challenges," seven months after he started his employment and moved to Utah. Plaintiff denies that there were ever any performance discussions or discipline.

21. Plaintiff was then provided with a Separation & Release Agreement with Defendant CIRCOR INTERNATIONAL, INC., which Plaintiff declined to sign.

22. Following his termination, Plaintiff returned to California and has continued to reside in California since then.

23. But for Defendants' false representations to Plaintiff in California, Plaintiff would not be injured.

///

# FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE § 970

**(Against ALL Defendants)**

24. Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

25. Labor Code § 970 provides that, "No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either: (a) The kind, character, or existence of such work; (b) The length of time such work will last, or the compensation therefor; (c) The sanitary or housing conditions relating to or surrounding the work; or (d) The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought."

26. Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of California Labor Code § 970, as Defendants directly influenced and persuaded Plaintiff to move from California to Utah by means of knowingly false spoken representations concerning the kind, character, or existence of such work and the length of time such work would last.

27. Defendants intended that Plaintiff rely on their false representations.

28. Plaintiff reasonably relied on Defendants' intentional misrepresentations and changed his residence from California to Utah for the purpose of working for Defendants. Plaintiff's reliance on Defendants' representations was a substantial factor in causing Plaintiff's harm.

29. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including but not limited to relocation fees and moving costs, as well as non-economic damages, including damage to his professional

reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as double damages pursuant to Labor Code § 972.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages according to proof;
2. For special damages according to proof;
3. For prejudgment and post-judgment interest according to law; and
4. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:   February 18, 2020          JML LAW, A Professional Law Corporation


By: *Cathryn Fund*
JOSEPH M. LOVRETOVICH
CATHRYN G. FUND
Attorneys for Plaintiff