UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCARD, | No. 2:20-cv-00147-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| CIRCOR INTERNATIONAL, INC., a Delaware corporation; DELTAVALVE LLC, a Delaware limited liability company; and DOES 1-50, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendants CIRCOR International, Inc. ("CIRCOR") and DeltaValve LLC's ("DeltaValve") (collectively, "Defendants") Motions to Dismiss under Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(2) and 12(b)(6). (ECF No. 10.) Plaintiff Robert McCard ("Plaintiff") opposed the motions. (ECF No. 11.) Defendants replied. (ECF No. 15.) For the reasons discussed herein, the Court GRANTS Defendants' Motions to Dismiss. (ECF No. 10.)

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2018, Plaintiff responded to an internet job posting regarding an open position based in Utah with DeltaValve. (ECF No. 8 at 2–3.) Knowing Plaintiff worked for a California-based company at the time, Defendants conducted four interviews with Plaintiff while he resided in California. (*Id.* at 3.) Plaintiff does not allege the location of the interviews or Defendants during the interview process, nor does he allege the manner in which the interviews were conducted. (*See id.*) Defendants hired Plaintiff on November 5, 2018. (*Id.* at 2.) Plaintiff alleges Defendants induced him to move from California to Utah with false representations about the character, kind, existence, and length of his employment with Defendants. (*Id.* at 3–4.)

Specifically, Plaintiff alleges that during the interview process, Kathy Olson ("Olson") and Ruben Lah ("Lah") described the position as a full-time offer of employment with permanent relocation to Utah. (*Id.* at 3.) Olson and Lah stated they wanted Plaintiff to move into a director's position with Defendants to develop a construction group. (*Id.*) When Plaintiff explained he planned to work for another 10-13 years until the age of 72, Lah stated he wanted Plaintiff to work for Defendants until Plaintiff retired. (*Id.*) Additionally, Plaintiff informed Defendants that his wife suffered from multiple sclerosis and required frequent medical appointments and travel to California. (*Id.*) Plaintiff was told this would not be a problem. (*Id.*)

Plaintiff alleges another company offered him a job with a higher salary and Plaintiff was also in final interviews with California-based companies. (*Id.*) Despite these other opportunities, Plaintiff informed Defendants he would accept their job offer. (*Id.*) Defendants sent a job offer letter to Plaintiff in California for the position of "Senior Principle [sic] Project Manager" for DeltaValve. (*Id.* at 4.) Plaintiff received relocation benefits and was aware that if he left his employment within two years, he would have to pay back certain benefits. (*Id.*)

On May 17, 2019, months after Plaintiff moved to Utah and started work for Defendants, Plaintiff's employment was terminated "due to lack of progress on previously discussed ongoing challenges," despite no prior performance discussions or discipline. (*Id.*) After his termination, Plaintiff returned to California and only alleges he continues to reside in California since his return. (*Id.*)

On November 6, 2019, Plaintiff initiated this action in El Dorado County Superior Court. (ECF No. 1 at 2.) CIRCOR removed the case to this Court. (*Id.*) On January 28, 2020, Plaintiff filed the First Amended Complaint ("FAC"). (ECF No. 8.) The operative FAC asserts a single cause of action against Defendants for violation of California Labor Code § 970 ("§ 970"). (*Id.*) On March 3, 2020, Defendants filed the instant Motions to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6). (ECF No. 10.)

## II.   STANDARD OF LAW

### A.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2)

Rule 12(b)(2) allows a party to file a motion to dismiss for lack of personal jurisdiction. When there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc. (Mavrix)*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute is coextensive with federal due process requirements. Cal. Code Civ. Proc. § 410.10. Accordingly, the "jurisdictional analyses under state law and federal due process are the same." *Mavrix*, 647 F.3d at 1223 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (2004)).

The traditional bases for exercising personal jurisdiction are: (1) service of process in the forum state; (2) domicile within forum state at the time the action is commenced; or (3) consent to jurisdiction in the forum state. *J. McIntyre Machinery, Ltd. v. Nicastro (Nicastro)*, 564 U.S. 873, 880 (2011). However, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under the minimum contacts test, there are two categories of personal jurisdiction: general and specific jurisdiction. *Daimler AG v. Bauman (Daimler)*, 571 U.S. 117, 126–27 (2014).

A court may assert general personal jurisdiction over corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

There are two "paradigm all-purpose forums" in which a corporation will primarily be "at home" for the purposes of general jurisdiction: its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137. General jurisdiction is not limited to these two forums, but it will only be available elsewhere in the "exceptional case" that a corporation's affiliations with a forum are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19; *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("Only in an 'exceptional case' will general jurisdiction be available anywhere else."). Indeed, under the modern jurisdiction theory, general jurisdiction "has played a reduced role," and "[the Supreme Court's] post-*International Shoe* opinions on general jurisdiction . . . are few." *Daimler*, 571 U.S. at 128–29.

Specific jurisdiction, on the other hand, is satisfied when the defendant's activities are directed toward the forum state and the defendant's liability arises out of or relates to those activities. *Id.* at 127. In the Ninth Circuit, courts employ a three-part test to determine whether a defendant's contacts suffice to establish specific jurisdiction: "(1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991) (emphasis omitted). The plaintiff bears the burden of satisfying the first two prongs, and if they are met, the burden shifts to the defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Mavrix*, 647 F.3d at 1228.

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). The court resolves all disputed facts in favor of the plaintiff. *Id.* at 672.

B. <u>Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)</u>

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the district court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

#### A. Motion to Dismiss for Lack of Personal Jurisdiction

Defendants seek dismissal due to lack of personal jurisdiction under Rule 12(b)(2). They argue no traditional bases for personal jurisdiction exist and that they lack sufficient minimum contacts with California. (ECF No. 10-1 at 9.) In opposition, Plaintiff argues the Court may

exercise traditional personal jurisdiction over DeltaValve and specific personal jurisdiction over CIRCOR. (ECF No. 11 at 13–15.) The Court will address each argument in turn.

### i. *Traditional Bases for Personal Jurisdiction*

Defendants argue traditional bases for exercising personal jurisdiction do not exist because they were not served in California, they did not consent to jurisdiction in California, and they are not domiciled in California. (ECF No. 10-1 at 13–15 (citing *Nicastro*, 564 U.S. at 880).) Plaintiff does not argue traditional bases exist for jurisdiction over CIRCOR, therefore conceding this issue with respect to CIRCOR. (*See* ECF No. 11 at 13–15.)

As to DeltaValve, Plaintiff argues service of process and consent are bases for exercising general personal jurisdiction. (*See id.*) However, the Court agrees with Defendants that traditional bases for jurisdiction do not exist with respect to DeltaValve.

First, Plaintiff cites *Burnham v. Superior Court* for the proposition that service of process is a basis for exercising personal jurisdiction.[1] (ECF No. 11 at 14); *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 610–11 (1990). However, as Defendants correctly note, *Burnham* is inapposite to the instant case because it discusses exercising jurisdiction over an individual person and does not apply to corporations that are served through an authorized agent. (ECF No. 15 at 6 (citing *Martinez*, 764 F.3d at 1064)); *see also Burnham*, 495 U.S. at 610–11. Second, the Ninth Circuit has stated that merely registering to do business in California does not establish a basis for exercising personal jurisdiction over a business entity. *AM Tr. v. UBS AG*, 681 F. App'x 587, 588–89 (9th Cir. 2017) ("California does not require corporations to consent to general personal jurisdiction in that state when they designate an agent for service of process or register to do business.") (citing *Bristol-Myers Squibb Co. v. Superior Ct.*, 1 Cal. 5th 783, 798 (2016), *rev'd on other grounds sub nom Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773 (2017) ("The 'designation of an agent for service of process and qualification to do business in California alone are insufficient to permit general jurisdiction.'") (citation omitted)). Third, because

---

[1] Defendants initially assert (incorrectly) that DeltaValve was not served in California. (*See* ECF No. 10-1 at 11; ECF No. 10-2 at 3.) However, they correct this error in their reply briefing and acknowledge DeltaValve's authorized agent was served in California. (ECF No. 15 at 6.)

Defendants argue DeltaValve is not domiciled in California (ECF No. 10-1 at 11, 13–14) and Plaintiff does not address this point (ECF No. 11 at 13–15), Plaintiff concedes this issue. Thus, no traditional basis exists for establishing personal jurisdiction over DeltaValve.

Accordingly, the Court declines to assert personal jurisdiction over either Defendant based on traditional bases for exercising personal jurisdiction.

### ii.   Minimum Contacts

#### a)   General Personal Jurisdiction

Defendants assert they are Delaware entities with principal places of business outside of California and lack any "continuous and systematic" affiliations with California rendering them "essentially at home" in the state. (ECF No. 10-1 at 11–16.) Consequently, neither is domiciled in California. (*Id.* at 11, 13–14); *Daimler*, 571 U.S. at 137. Plaintiff does not dispute the lack of general personal jurisdiction and therefore concedes this issue. (*See* ECF No. 11 at 13–15.) Accordingly, the Court declines to assert general personal jurisdiction over Defendants.

#### b)   Specific Personal Jurisdiction

As a preliminary matter, Plaintiff argues specific jurisdiction exists over only CIRCOR, and Plaintiff does not attempt to establish specific jurisdiction over DeltaValve. (*Id.* at 15–20.) Therefore, Plaintiff concedes he cannot establish specific jurisdiction over DeltaValve. Accordingly, the Court declines to assert specific jurisdiction over DeltaValve.

Turning to CIRCOR, as previously discussed, the Ninth Circuit employs a three-part test to determine specific jurisdiction, for which the plaintiff bears the burden of establishing the first two prongs: purposeful availment/direction and forum-related activities. *See Roth*, 942 F.2d at 620–21; *Mavrix*, 647 F.3d at 1228. The Court finds Plaintiff fails to meet his burden under the purposeful availment/direction prong and therefore fails to establish specific jurisdiction.

Where, as here, a case involves a tort allegedly committed by an out-of-state resident outside the forum state, the *Calder* "effects" test is applied to the first prong of the specific jurisdiction test to determine whether the defendants purposefully directed their conduct at California. *See Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603–04 (9th Cir. 2018) (citing *Calder v. Jones*, 465 U.S. 783, 791 (1984)). Under the *Calder* test, a plaintiff

1  must allege a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

The bulk of Defendants' arguments under the purposeful direction prong fail to consider the *Calder* test. (ECF No. 10-1 at 16–18.) Moreover, these arguments rely on *Stone v. State of Texas* for the proposition that specific jurisdiction cannot be established based on a defendant's pre-employment conversations with an individual. (*Id.* (citing *Stone v. State of Texas*, 76 Cal. App. 4th 1043, 1050 (1999)).) However, *Stone* does not stand for this proposition and is inapposite in the instant case. *See Stone*, 76 Cal. App. 4th at 1050 (declining to find specific jurisdiction for the plaintiff's breach of contract claims and not considering specific jurisdiction for a § 970 claim because Plaintiff was not induced to move out of state by misrepresentations).[2] Thus, Defendants' arguments miss the mark. Nevertheless, Defendants briefly argue CIRCOR's actions were not purposefully directed at California even under the *Calder* test because CIRCOR did not commit an intentional act and its actions took place outside California. (ECF No. 15 at 7–8.) In opposition, Plaintiff argues the elements of the *Calder* test are met because CIRCOR knowingly made false representations to Plaintiff that were expressly aimed at Plaintiff in California and that caused harm in California. (ECF No. 11 at 17–19.) The Court will now address each element of the *Calder* test.

*a. Intentional Act*

Defendants' argument that "[a]ny discussions during Plaintiff's interviews are not relevant to the analysis of personal jurisdiction" because CIRCOR is not domiciled in California and

---

[2] Other cases Defendants cite follow the same line of reasoning as *Stone* and similarly fail to support Defendants' arguments. (*See* ECF No. 10-1 at 9 n.2.) Defendants take *Berdux v. Project Time & Cost, Inc.* out of context by referring to the *Berdux* court's analysis of a breach of contract claim, despite the court's finding of specific jurisdiction with respect to the § 970 claim. (*See id.*); *see also Berdux v. Project Time & Cost, Inc.*, 669 F. Supp. 2d 1094, 1100 (N.D. 2009). *L.F. v. Surprise Lake Camp* is unpersuasive because it does not involve a § 970 claim or misrepresentations made during the hiring process. *See L.F. v. Surprise Lake Camp*, No. CV 11-00718 DMG (AGRx), 2011 WL 13218040 (C.D. Cal. May 10, 2011). Similarly, *Unlimited Prepaid v. Airvoice Wireless, LLC* is a breach of contract case that did not involve a § 970 claim. *See Unlimited Prepaid v. Airvoice Wireless, LLC*, No. CV 17-01409 SJO (JPRx), 2017 WL 8230848 (C.D. Cal. May 10, 2017).

Plaintiff's employment was in Utah (*see* ECF No. 15 at 8) ignore the fact that Plaintiff's entire claim centers on these discussions and how they allegedly constitute pre-employment misrepresentations (*see generally* ECF No. 8). Pre-employment misrepresentations, even when made by a defendant outside the forum state, may be considered "intentional acts" under *Calder*. *See Davis v. NIH Fed. Credit Union*, No. 12-cv-05502-JCS, 2013 WL 2147468, at *6 (N.D. Cal. May 15, 2013) (finding false representations made over the phone to a plaintiff in the forum state constituted an intentional act).

However, to satisfy the intentional act element, Plaintiff merely offers the conclusory statement that "Defendants knowingly made the above false representation regarding the kind, character, or existence of [his] work and the length of time [his] work would last[.]" (ECF No. 8 at 3; *see also* ECF No. 11 at 17.) This is insufficient to show CIRCOR made any representations or that the representations were false. *Cf. Davis*, 2013 WL 2147468, at *6 (intentional act element established where plaintiff alleged specific representations and facts explaining why the representations were false). While the FAC identifies some specific representations made by Olson and Lah, Plaintiff critically fails to identify Olson or Lah as employees or agents of either Defendant. (*See* ECF No. 8 at 3.) As a result, any intentional acts committed by Olson and Lah are not explicitly connected to CIRCOR. *Cf. Davis*, 2013 WL 2147468, at *1 (intentional act imputed to defendant company where individual defendant who made misrepresentations to plaintiff was identified as the "CEO" of the defendant company).

In opposition, Plaintiff maintains it is reasonable to infer Olson and Lah were employed by Defendants. (ECF No. 11 at 24.) However, on a motion to dismiss for lack of personal jurisdiction, it is improper for the Court to infer a critical fact where it is Plaintiff's burden to allege that fact and he has failed to do so. *See Wash. Shoe Co.*, 704 F.3d at 671–72 (stating on a 12(b)(2) motion it is Plaintiff's burden to make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss") (quoting *Pebble Beach Co*, 453 F.3d at 1154). Additionally, a reasonable inference based on the FAC would be that Olson and Lah worked for DeltaValve, not CIRCOR, because Plaintiff applied for a position with DeltaValve. Thus, to infer Olson and Lah were directly employed by CIRCOR is simply too far of a stretch given Plaintiff's burden to

10

1 establish these facts. *See id.* Plaintiff therefore fails to establish CIRCOR committed an
2 intentional act under the *Calder* test.

### b. Aimed at the Forum State

Assuming Plaintiff can amend the complaint to establish an intentional act under *Calder*, Plaintiff meets the "express aiming" element. "The 'express aiming' requirement 'is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Davis*, 2013 WL 2147468, at *6 (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). Defendants' arguments that their recruitment activities were not specifically targeted at Plaintiff and that their representations were made while they were outside California are unpersuasive. (ECF No. 15 at 8.) Although Defendants did not initially reach out to Plaintiff, they engaged Plaintiff in four separate interviews knowing Plaintiff resided in California, discussed Plaintiff's move from California to Utah, and acknowledged and accepted Plaintiff's need to travel to California for his wife's medical needs. (ECF No. 8 at 3.) Although Defendants may have been physically outside California, their actions were clearly targeted at an individual they knew was a California resident. *See Davis*, 2013 WL 2147468, at *6. Thus, Plaintiff can establish the express aiming element under the *Calder* test.

### c. Harm in the Forum State

"The final element of the Calder effects test is satisfied if Plaintiff can show that 'a jurisdictionally sufficient amount of harm is suffered in the forum state.'" *Davis*, 2013 WL 2147468, at *7 (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (overruling prior decisions which required "the 'brunt' of the harm" to be suffered in the forum state)). Here, Plaintiff alleges: (1) he initiated contact with Defendants regarding the job opening while still working for his prior employer; (2) he had received a job offer from another company; and (3) he made it to final interviews with California-based companies. (ECF No. 8 at 3.) However, Plaintiff critically fails to allege: (1) whether Plaintiff suffered harm from leaving salary and benefits from his previous employer; (2) whether Plaintiff previously intended to remain in California; (3) whether the other company that offered him a job

was California-based; (4) whether Plaintiff had job offers from the other California-based companies; (5) whether Defendants knew about the opportunities Plaintiff relinquished in order to accept their job offer; (6) whether Plaintiff has been able to find alternative employment in California because of his termination; or (7) whether Plaintiff incurred relocation expenses in returning to California or was required to repay his relocation benefits to Defendants. (*See generally* ECF No. 8); *cf. Davis*, 2013 WL 2147468, at *7 (finding plaintiff suffered harm in the forum state because she alleged: (1) she left her job in California that paid $130,000 plus benefits; (2) she intended to work in California for the rest of her career and was not looking for other jobs when she was recruited; (3) she left significant community ties in California; and (4) after moving back to California, she was unable to find alternative employment and continued to suffer emotional distress from being unemployed). In light of Plaintiff's factual omissions, the Court finds Plaintiff fails to allege sufficient facts to establish the final element of the *Calder* test. *See Davis*, 2013 WL 2147468, at *7.

Because Plaintiff fails to satisfy elements one and three of the *Calder* test, Plaintiff fails to carry his burden with respect to the purposeful direction prong of the minimum contacts test to establish specific jurisdiction over CIRCOR. *See Roth*, 942 F.2d at 620–21; *Mavrix*, 647 F.3d at 1228. Accordingly, the Court declines to assert specific personal jurisdiction over CIRCOR. Nonetheless, the Court cannot conclude that the previously identified deficiencies could not be cured through amendment. Therefore, Plaintiff is granted leave to amend. *See Lopez*, 203 F.3d at 1130.

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 10) for lack of personal jurisdiction over Defendants with leave to amend.

B. Motion to Dismiss for Failure to State a Claim

Defendants additionally move to dismiss the FAC under Rule 12(b)(6) on the bases that: (1) Plaintiff failed to sufficiently allege a § 970 claim under Rule 9(b)'s heightened pleading standards; (2) the statute of frauds bars Plaintiff's claim; and (3) Plaintiff failed to sufficiently plead harm.[3] (*See* ECF No. 10-1 at 20–27.) In light of its determination that Plaintiff may cure

---

[3] In support of their arguments, Defendants submit a Request for Judicial Notice pursuant to

the aforementioned pleading deficiencies through amendment, in the interests of judicial efficiency, the Court will briefly address the merits of Defendants' Motion to Dismiss under Rule 12(b)(6).

### i.   California Labor Code § 970

Section 970 prohibits a party from influencing, persuading, or engaging an individual to change from one place to another through false representations pertaining to:

> (a) The kind, character, or existence of such work;
>
> (b) The length of time such work will last, or the compensation therefor;
>
> (c) The sanitary or housing conditions relating to or surrounding the work;
>
> (d) The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought.

Cal. Lab. Code § 970.

A violation of § 970 is a fraud-based claim because it is a tort of deceit requiring a showing of scienter. *See Funk v. Sperry Corp.*, 842 F.2d 1129, 1133 (9th Cir. 1988). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991); *see also*

---

Federal Rule of Evidence 201(b) and the incorporation by reference doctrine, in which they seek judicial notice of the offer letter sent to Plaintiff. (ECF No. 10-3.) Plaintiff initially objected to the Request on the basis that Defendants failed to attach a copy of the purported offer letter to their filing but for no other reason. (ECF No. 12.) Defendants subsequently filed an "Amended" Request with the offer letter attached (ECF No. 16) and Plaintiff raised no further objections. Finding Plaintiff sufficiently refers to the offer letter in his pleadings and does not dispute its authenticity, the Court hereby GRANTS Defendants' Request. (ECF Nos. 10-3, 16); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

1  *Renner v. Bluegreen Corp.*, No. EDCV 16-00239 JVS (KKx), 2016 WL 10835981, at *3 (C.D.
2  Cal. Aug. 15, 2016). Rule 9(b) also requires the complaint "set forth an explanation as to why the
3  statement or omission complained of was false and misleading." *Rubke v. Capitol Bancorp Ltd.*,
4  551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotations omitted) (citing *Yourish v. California*
5  *Amplifier*, 181 F.3d 983, 993 (9th Cir. 1999)). This requirement "can be satisfied 'by pointing to
6  inconsistent contemporaneous statements or information (such as internal reports) which were
7  made by or available to the defendants.'" *Id.*

    *ii. Analysis*

   Plaintiff's FAC appears deficient in several respects. First, as previously discussed,
Plaintiff fails to identify Olson and Lah as employees of Defendants, state their titles, or explain
their responsibilities and the context in which they represented themselves as being authorized to
speak for Defendants. (*See* ECF No. 8 at 3); *see Tarmann*, 2 Cal. App. 4th at 157; *see also
Renner*, 2016 WL 10835981, at *3.

   Second, Plaintiff fails to explain how the representations of the "character, kind, or
existence" of his work were false or misleading. *See Rubke*, 551 F.3d at 1161. Plaintiff details
the representations that Olson and Lah made to him regarding his employment; however, Plaintiff
does not allege his work was different than what Olson and Lah originally represented it to be.
(*See* ECF No. 8 at 3–4); *see also Poghosyan v. First Fin. Asset Mgmt., Inc.*, No. 1:19-cv-01205-
DAD-SAB, 2020 WL 433083, at *5 (E.D. Cal. Jan. 28, 2020) (finding plaintiff failed to
"explain[] how the events he has described in his complaint amounts to a fraud"). In fact,
Plaintiff admits he was terminated for performance-related issues. (*See* ECF No. 8 at 4.)
Although he asserts there were no prior discussions or warnings regarding his performance,
Plaintiff fails to allege facts tending to demonstrate Defendants' prior statements were knowingly
false, such as facts showing Plaintiff's termination was pretextual or that Defendants always
intended to terminate him earlier than they represented to him during the interview process. (*See
id.*); *see also Tyco Indus., Inc. v. Superior Ct.*, 164 Cal. App. 3d 148, 157 (1985) (finding plaintiff
"did not plead that he questioned [the defendant's] explanation for his discharge").

///

Third, Plaintiff fails to explain how the representation about the anticipated length of employment was false or misleading at the time it was made. (*See* ECF No. 8 at 3–4); *see Rubke*, 551 F.3d at 1161 (citing *Yourish*, 181 F.3d at 993). Plaintiff shows no contemporaneous statements or information indicating the employment would not be long-term as Olson and Lah had represented. *See id.* Plaintiff merely asserts Defendants made false representations without explaining why or how the representations were false. (*See* ECF No. 8 at 3–4); *see Poghosyan*, 2020 WL 433083, at *5. Such conclusory statements do not meet the heightened pleading standards of Rule 9(b). *See UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015) (citing *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.1989) ("Conclusory allegations are insufficient, and facts constituting the fraud must be alleged with specificity.").

In sum, Plaintiff fails to state a claim for § 970 misrepresentation against Defendants. Therefore, Defendants' Motion to Dismiss under Rule 12(b)(6) is GRANTED. Plaintiff has one final opportunity to amend his factual allegations to cure the deficiencies identified herein.

### IV. CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS Defendants' Motions to Dismiss under Rule 12(b)(2) and 12(b)(6) with leave to amend. (ECF No. 10.) Plaintiff shall file an amended complaint not later than 21 days from the electronic filing of this Order. Defendants shall file a responsive pleading thereafter in accordance with the Federal Rules of Civil Procedure and Local Rules.

IT IS SO ORDERED.

DATED: March 30, 2021

Troy L. Nunley
United States District Judge